# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

                          Plaintiff,

v.

ALLISON MCGOWAN, AMY GUNDERSON, DEREK SCHAUTEN, and JOEL SANKEY,

                          Defendants.

Case No. 16-CV-838-JPS

**ORDER**

        Plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on several of Plaintiff's recently filed motions, including: (1) a motion to compel production of a prison surveillance video (Docket #30); (2) a motion for appointment of counsel (Docket #31); and (3) a motion for sanctions and an investigation (Docket #32). For the reasons stated below, all of Plaintiff's motions will be denied.

**1.      Motion to Compel Production of Surveillance Footage**

        Plaintiff alleges in his motion to compel that he asked for surveillance footage from a particular prison camera for a particular date range. (Docket #30 at 1). Defendants apparently responded that no such video exists. *Id.* Plaintiff, unhappy with that response, asks the Court to order Defendants to produce the video or answer a series of interrogatories about what happened to the video. *Id.* at 1–2.

        Plaintiff's motion must be denied. Plaintiff did not certify that he first made a good-faith effort to meet and confer with Defendants' counsel about the subject of his motion before seeking the Court's intervention, as is

required by the Federal Rules of Civil Procedure and the Court's Local Rules. Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37. He failed to do this despite being very recently warned by the Court that such meet-and-confer efforts are required before bringing discovery disputes before the Court. *See* (Docket #29 at 2); *see also Ross v. Bd. of Regents of Univ. of Wis. Sys.*, No. 08–CV–230, 2008 WL 5129941, at *1 (E.D. Wis. Dec. 5, 2008) ("The court has neither the time, nor the inclination to act as a referee in every minor dispute between the parties during discovery."); *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007) (enforcing Local Rule 37 meet-and-confer requirements against *pro se* prisoner). Consequently, the Court will deny the motion and will admonish Plaintiff that future discovery disputes should not be brought to the Court's attention without first complying with the requirements of Federal and Local Rule 37.

**2.     Motion for Appointment of Counsel**

In his next motion, Plaintiff asks that the Court appoint him counsel. (Docket #31). As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. banc 2007)).

Here, the Court need not consider whether this case is too difficult for him to litigate because Plaintiff has not shown that he has made reasonable attempts to secure his own counsel. He states that he has contacted "at least

179 attorneys throughout the State of Wisconsin," but attaches no evidence substantiating such a robust effort. As such, the Court concludes that recruitment of counsel in this case is not justified at this time, and will deny Plaintiff's motion for appointment of counsel without prejudice.

**3.     Motion for Sanctions and an Investigation**

Finally, Plaintiff has filed a motion requesting sanctions and an investigation into the conduct of certain prison officials who are not defendants in this case. (Docket #32). In his motion, Plaintiff alleges that he was placed in segregation and was denied his legal materials despite telling prison officials that he has looming court-ordered deadlines. *Id.* at 1. Additionally, a prison official named Lindsay Walker ("Walker") allegedly ordered correctional officers to search Plaintiff's cell, and those officers confiscated some of Plaintiff's legal papers. *Id.* at 1–2. Next, Walker denied Plaintiff access to and extra time in the law library although he expressed a need for it in light of upcoming court deadlines. *Id.* at 2. Plaintiff asserts that Walker's conduct has been improper and designed to interfere with his prosecution of this case. *Id.*

Plaintiff also claims that on two later occasions, officers searched his cell and confiscated his legal papers because they were worried that another inmate had given Plaintiff personal information about one or more officers and that Plaintiff might be corresponding with a non-prisoner about an attempt to kill correctional officers. *Id.* at 2–3. Plaintiff says that neither justification has merit and that the searches are, again, attempts to interfere with his ability to pursue this case. As a sanction for all this conduct, Plaintiff seeks an order for the relevant individuals to be interviewed and investigated. *Id.* at 3.

This motion echoes many of the concerns Plaintiff expressed in his last salvo of motions, *see* (Docket 29 at 3–7), and it must be denied for similar reasons, *see* (Docket #29 at 5–7). First, the Court generally will not interfere in matters of prison administration through preliminary injunctive relief, which is the type of sanction he seeks here. The Prison Litigation Reform Act requires the Court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by [requested] preliminary relief[.]" 18 U.S.C. § 3626(a)(2). Questioning many individual instances of prison discipline and procedure in *ad hoc* fashion is just the sort of unnecessary involvement in prison administration which this Court seeks to avoid. Additionally, Plaintiff cites no rule or statue providing the Court with the authority to initiate an investigation of the relevant individuals, most or all of whom are not defendants in this case. Finally, as before, Plaintiff's unverified allegations of wrongdoing do not carry his heavy burden in requesting preliminary injunctive relief. *See D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (a preliminary injunction requires a "clear showing that [the plaintiff] is entitled to such relief"). For these reasons, Plaintiff's motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel production of a prison surveillance video (Docket #30) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #31) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Docket #32) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge