UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMIE L. CARTER,

       Plaintiff,

v.

ALLISON MCGOWAN, AMY GUNDERSON, DEREK SCHAUTEN, and JOEL SANKEY,

       Defendants.

Case No. 16-CV-838-JPS

**ORDER**

---

  On March 14, 2017, the Court entered an order denying several of Plaintiff's motions (Docket #33), including a motion to compel production of surveillance footage (Docket #30), a motion for appointment of counsel (Docket #31), and a motion for sanctions and an investigation against prison officials (Docket #32). On March 22, 2017, Plaintiff filed a letter requesting reconsideration of that decision. (Docket #34).

  Although he does not cite any authority for his request, the only relevant rule is Federal Rule of Civil Procedure 60(b), which permits a court to grant relief from one of its orders if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

  Plaintiff's motion merely states his disagreement with the Court's March 14, 2017 order. Asserting "that the...court's underlying judgment was

wrong. . .is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681. Further, Plaintiff fails to address any of the specific Rule 60(b) grounds for relief. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (Rule 60(b) motion denied because the movant "failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment") (emphasis in original).

For example, with respect to the motion to compel, the Court found that Plaintiff failed to show that he had engaged in good-faith meet-and-confer efforts to resolve his dispute with defense counsel prior to filing the motion. (Docket #33 at 1–2). In the instant motion, Plaintiff claims he made such efforts. (Docket #34 at 1). Once again, he offers no proof of this. Further, while he says that he attached Defendants' responses to his discovery requests to his motion, *id.*, they are not to be found in the record, nor are they attached to his motion for reconsideration.

Likewise, Plaintiff objects to the Court's denial of his motion for appointment of counsel on the ground that he failed to submit evidence of his attempts to secure his own counsel, as is required before the Court can consider such a request. (Docket #33 at 2–3); (Docket #34 at 2). He does not cure this deficiency in his motion for reconsideration, and the Court's ruling therefore must stand.

Finally, as to the motion for sanctions and an investigation, the Court noted in its prior order that Plaintiff believes that prison officials are interfering with his ability to litigate this case by, *inter alia*, inappropriately

searching his cell and confiscating his legal materials. (Docket #33 at 3). The Court, in view of the relevant legal standards, could not grant Plaintiff preliminary injunctive relief on his unverified and far-ranging allegations of wrongdoing. *Id.* at 4. That has not changed, since all Plaintiff offers in his letter are additional unsubstantiated accusations. Because he advances no reason on which to credibly question the Court's prior conclusions, Plaintiff's request for reconsideration must be denied.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's request for reconsideration of the Court's March 14, 2017 order (Docket #34) be and the same is hereby **DENIED**.

---

[1] The Court separately notes that on March 22, 2017, Plaintiff also submitted a letter objecting to Defendants' taking his deposition on March 30, 2017. (Docket #35). Plaintiff claims he is undergoing a mental health evaluation that day and cannot attend a deposition. *Id.* at 1. He also appears to believe that he can refuse to sit for a deposition because he intends to invoke his Fifth Amendment right against self-incrimination as to some or all of the questions that will be asked. *Id.*

To the extent Plaintiff is asking the Court to quash the notice of deposition on these grounds, the request is denied. First, Plaintiff may invoke his Fifth Amendment rights during the deposition, but this does not absolve him of his duty to attend and, where appropriate, make an assertion of those rights. Second, assuming that a scheduling conflict exists, Plaintiff concedes that he sent a letter to defense counsel only last week raising his concerns and that he has not received a response. *Id.* at 2. Absent a certification that the parties have met and conferred in a good-faith attempt to resolve Plaintiff's potential scheduling conflict, the Court cannot intervene. *See* Fed. R. Civ. P. 26(c)(1) (requiring a party seeking a protective order to certify as to his attempts to resolve the dispute without court action).

If Plaintiff declines to sit for a deposition, the Court invites Defendants to file a motion for sanctions, including potential dismissal of this action.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge